1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

MACARTHUR WASHINGTON,

        Plaintiff,

    v.

APRIA HEALTHCARE GROUP, INC.,

        Defendant.

_____/

Case No.  1:16-cv-00847-DAD-SKO

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE RECOMMENDED FOR DISMISSAL**

On September 30, 2016, the parties filed a stipulation notifying the Court that Plaintiff Macarthur Washington was deceased and seeking a stay of the case to provide time for, among other things, the appointment of a personal representative for Plaintiff's estate to be substituted for Plaintiff in the case.  (Doc. 13.)  On October 7, 2016, the Court stayed the case until January 30, 2017, and ordered the parties to either file by that date a stipulation of voluntary dismissal or a joint status report proposing how this matter shall proceed.  (Doc. 14.)

On January 30, 2017, the parties submitted their "Joint Status Report and Recommendation on How this Matter Should Proceed," in which Plaintiff's counsel indicated that "despite diligent efforts, [he] has been unable to communicate with the personal representative of Plaintiff's estate and obtain the necessary consent for that representative to be substituted in this matter."  (Doc. 16

at 2.)  The parties then recommended that the Court enter an order to show cause as to why this action should not be dismissed.  (*Id.* at 3.)

On February 1, 2017, the Court entered a minute order finding that an order to show cause was "premature, at this present stage of the case," and instead ordering Plaintiff's counsel to "contact a representative of Plaintiff's estate by any and all means of communication known to Plaintiff's counsel to inquire as to whether the representative is willing to substitute for Plaintiff in this matter."  (Doc. 17.)  The Court further directed Plaintiff's counsel to file, by February 14, 2017, a notice setting forth "(1) the methods Plaintiff's counsel used to attempt to communicate with a representative of Plaintiff's estate; and (2) the outcome of these attempts at communication."  (*Id.*)  The minute order cautioned the representatives of Plaintiff's estate that, if a party was not substituted for Plaintiff by February 27, 2017, the Court would "enter an order to show cause as to why this matter should not be dismissed," citing Fed. R. Civ. P. 25(a)(1).  (*Id.*)

Plaintiff's counsel filed his Status Report on February 14, 2017, in which he detailed his efforts in attempting to locate a representative of Plaintiff's estate.  (Doc. 20.)  Despite his diligence, Plaintiff's counsel was unsuccessful in communicating with a representative of Plaintiff's estate. (*Id.*)

Accordingly, the Court ORDERS that, by no later than March 17, 2017, Plaintiff's successor or representative file a motion for substitution under Fed. R. Civ. P. 25(a)(1), or a statement showing cause why the Court should not recommend to the presiding district court judge that this action be dismissed.  The Court further CAUTIONS Plaintiff's successor or representative that, if he or she fails to file this statement by March 17, 2017, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

Further, the Scheduling Conference, currently set March 14, 2017, is hereby CONTINUED to April 20, 2017, at 10:30 a.m. in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto. The parties shall file their Joint Scheduling Report by no later than April 13, 2017.

//

//

//

1           Finally, the Court ORDERS Plaintiff's counsel by March 13, 2017, to send a copy of this

2  minute order to any and all known addresses for Plaintiff's successor or representative by certified

3  return mail and to file on the Court's docket proof of service of same.

4

5  IT IS SO ORDERED.

6  Dated:   **March 9, 2017**                      /s/ *Sheila K. Oberto*

7                                         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28