# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAC ARTHUR WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>APRIA HEALTHCARE GROUP, INC.,<br><br>Defendant.<br>_____/ | Case No. 1:16-cv-00847-DAD-SKO<br><br>**ORDER DIRECTING PARTIES TO FILE FORMAL SUGGESTION OF DEATH AND BRIEFING** |

Before the Court is the determination of whether to dismiss this matter pursuant to Federal Rule of Civil Procedure 25(a)(1). As noted herein, the Court finds that additional filings from the parties are necessary before the Court can make this determination.

First, under Rule 25(a)(1), "a party must [first] formally suggest the death of the party upon the record." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (citations omitted). "[T]he statement noting the death of a party . . . must be a formal, written document that is both served on the appropriate persons and filed with the court." *In re Crystal Cathedral Ministries*, Case No. 2:12–bk–15665–RK, 2015 WL 4035564, at *3 (C.D. Cal. June 30, 2015) (quoting 6 Moore's Federal Practice § 25.13[2][b] (3d ed. 2015)). As such, "pleading references" to the death, alone, are insufficient "to constitute a suggestion of death for purposes of . . . Rule 25(a)(1)." *Id.*; *see also Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990); *Younts v. Fremont County*, 370 F.3d 748, 752 (8th Cir. 2004); *United States v. Molen*, No. 2:10–cv–2591 MCE KJN, 2014 WL

2118225, at *10 (E.D. Cal. May 21, 2014); *Colon v. Home Depot, U.S.A., Inc.*, No. 2:08–cv–02463–MCE–JFM, 2009 WL 4158783, at *1 (E.D. Cal. Nov. 18 2009); *Lightfoot v. District of Columbia*, 629 F. Supp. 2d 16, 18–19 (D.D.C. 2009).

Here, Plaintiff's counsel only referenced Plaintiff's death in pleadings, (*see* Doc. 13 ¶ 5; Doc. 16 at 2; Doc. 20 at 2; Doc. 26 at 1), and did not otherwise submit an adequate, formal suggestion of death. As such, the 90-day period provided under Rule 25(a)(1) has not yet been triggered in this case. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). To commence this 90-day period, the Court ORDERS Plaintiff's counsel to file and serve on Defendant a sufficient formal suggestion of death for Plaintiff—entitled "Suggestion of Death of Plaintiff"—by no later than May 3, 2017. *See generally* 6 Moore's Federal Practice § 25.13[2][b] (3d ed. 2016) ("Rule 25 does not specify any formal requirements for a statement noting the death of a party . . . . It is sufficient to identify the person making the statement, by name and capacity (e.g., as a party or as a representative or successor of the decedent, and to specify the name and capacity of the decedent.").

Second, "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with [the] suggestion of death." *Barlow*, 39 F.3d at 233. The Court therefore DIRECTS Plaintiff's counsel to attempt to serve nonparty successors or representatives of Plaintiff with the suggestion of death during the 90-day period triggered by the filing and service of the suggestion of death.

Third, within seven days of the conclusion of the 90-day period triggered by the filing and service of the suggestion of death, the Court ORDERS (1) the parties to jointly file a notice that the 90-day period has elapsed; (2) Plaintiff's counsel to file a declaration detailing their efforts in serving nonparty successors or representatives of Plaintiff with the suggestion of death; and (3) Defendant to file a declaration regarding any efforts Defendant has undertaken to locate these nonparty successors or representatives.

Finally, the Court notes that the operative Complaint in this matter does not provide any individual claims on behalf of Plaintiff. (*See* Doc. 1.) Instead, the Complaint includes only a

2

single claim brought on behalf of a class of individuals. (*See id.*) As such, by no later than the conclusion of the 90-day period triggered by the filing and service of the suggestion of death, the Court ORDERS the parties to file briefing, either jointly or separately, addressing whether the Court may dismiss the Complaint without prejudice upon the death of Plaintiff—the purported class representative.

IT IS SO ORDERED.

Dated: **May 1, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE