UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAC ARTHUR WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>APRIA HEALTHCARE GROUP, INC.,<br><br>Defendant. | No. 1:16-cv-00847-DAD-SKO<br><br>ORDER DISMISSING ACTION PURSUANT TO RULE 25 |

Plaintiff Mac Arthur Washington commenced this putative class action for violations of the Electronic Funds Transfer Act against defendant Apria Healthcare Group, Inc. ("Apria"), on June 17, 2016. (Doc. No. 1.) In accordance with the court's order (*see* Doc. No. 28), on May 2, 2017, plaintiff's counsel filed a formal suggestion of plaintiff's death upon the record. (Doc. No. 29.) Therein, counsel represents that plaintiff Washington passed away after the commencement of this action, and that counsel has been unable to locate a representative of plaintiff's estate or other successor in interest. (*Id.*)[1] On July 31, 2017, defendant Apria filed a brief regarding dismissal of the action pursuant to Rule 25 of the Federal Rules of Civil Procedure. (Doc. No. 30.) On August 7, 2017, the parties jointly filed with the court a notice that ninety days had elapsed since the filing of the formal suggestion of death. (Doc. No. 31.)

---

[1] In part because of plaintiff's passing, defendant was never required to file an answer, and no class was ever certified in this action. (*See* Doc. No. 17.)

1

The Federal Rules of Civil Procedure provide, in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Thus, two things are required for the running of the ninety-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994); *but see In re MGM Mirage Sec. Litig.*, 282 F.R.D. 600, 603 (D. Nev. 2012) ("*Barlow* does not address the situation where the suggestion of death must be served on a nonparty successor or the representative of the estate when the appropriate person cannot be ascertained at the time the suggestion is filed.").

Based on the record before it, the court finds that plaintiff's counsel has properly filed on the record a suggestion of the death of plaintiff Washington. However, as counsel represents, he has been unable to identify a representative or successor as of the time the suggestion was filed. Furthermore, plaintiff's counsel attempted a skip trace investigation in 2016—on plaintiff Washington; plaintiff's late wife, Valerie Washington; and Ms. Washington's three known relatives—in an attempt to locate known relatives or next of kin. (*See* Doc. No. 20 ¶¶ 3–5, Exs. B–D.) In addition, plaintiff's counsel contacted the Merced County probate court for information regarding plaintiff, but was unable to find any relevant probate or estate documents. (*Id.* ¶ 6.) Plaintiff's counsel states that no nonparty successors or representatives of plaintiff Washington have contacted counsel. (Doc. No. 31 at 2.) Finally, defendant Apria reviewed its records regarding plaintiff and was unable to locate information identifying family members, secondary contacts, or other potential nonparty successors or representatives. (*See* Doc. No. 32.) In view of these representations, the court is satisfied that the parties have diligently conducted a search to discover plaintiff's successors or representatives. Accordingly, the court finds that the ninety-day period for the filing of a motion for substitution under Rule 25(a)(1) properly commenced on May 2, 2017.

Ninety days have now passed since counsel's filing of the suggestion of death, and no motion for substitution has been made by any party. Accordingly:

1. This action is dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 13, 2017**

UNITED STATES DISTRICT JUDGE